Whitaker, Judge,
delivered the opinion of the court:
Plaintiff was a second lieutenant in the United States Army Air Corps Reserve. On June 2,1938, he had completed five years’ active service as a reserve officer therein. For the period from June 2, 1938, to February 19, 1939, he was paid the active duty pay of an officer of the first pay period. He sues to recover the difference between the active duty pay of the first pay period, and of the second pay period.
*470 Section 1 of tbe Pay Readjustment Act of June 10, 1922 (42 Stat. 625), as amended by tbe Act of May 31, 1924 (43 Stat. 250), provides for a base pay for commissioned officers of tbe Regular Army of $1,500 for tbe first pay period, and $2,000 for tbe second pay period, and it provides that second lieutenants who have completed five years’ service shall be entitled to receive tbe pay of the second period. Section 3 of that Act provides that reserve officers and officers of the National Guard on active duty with the Army are entitled to receive pay as follows:
* * * first lieutenant and second lieutenant of the Army shall receive the pay of the * * * second, and first periods, respectively.
Notwithstanding the express provisions of section 3, plaintiff claims that he is entitled to receive the pay of the second period because a second lieutenant of the Regular Army having five years’ service is entitled to receive this pay. His claim is based, first, on the ground that sections 5 and 6 of the 1922 Pay Readjustment Act, supra, allow to an officer of the Reserve Corps the same allowances that an officer of the Regular Army is entitled to receive. This, if material, is incorrect. Section 5, for instance, provides for allowances depending upon the base pay the officer is entitled to receive. It says:
* * * To each officer * * * receiving the base pay of the first period the amount of this allowance shall be equal to one subsistence allowance, to each officer receiving the base pay of the second * * * period the amount of this allowance shall be equal to two subsistence allowances, * * *.
Therefore, a second lieutenant in the Reserve Corps is entitled to only one subsistence allowance, since under section 3 he is entitled to the pay of the first period, whereas, a second lieutenant of the Regular Army, having five years’ sei’v-ice, is entitled to two subsistence allowances, since he is entitled to the pay of the second period. There is nothing inconsistent between the provisions of sections 5 and 6 and of section 8. ■
There is nothing equivocal about the provisions of the Act itself, but we-may say that our reading of -it is supported by *471 the explanation of the various sections of the bill inserted by the Chairman of the Committee in the hearings on the bill. This explanation stated, in part:
Section 8 provides that officers of the National Guard and of the reserve forces of any of the services mentioned in the title of the bill, are placed in pay periods on the basis of their grade alone, without regard to length of service. * * *
Plaintiff next says that under section 4 of the Act of June 15, 1933 (48 Stat. 153, 160), National Guard officers are entitled to receive the same pay and allowances as officers of the Regular Army of the same grade and length of service, and that under section 18 of the Act National Guard officers are entitled to the same pay and allowances as reserve officers on active duty and, therefore, he says the pay and allowances of reserve officers must be the same as the pay and allowances of regular officers, on the principle that things equal to the same thing are equal to each other.
We understand plaintiff’s argument to be that this Act of 1933 is interpretative of the Act of 1922. Plaintiff, of course, cannot claim that he comes within the provisions of the Act of 1933, because this Act relates not to reserve officers, but to officers of the National Guard alone. He can take advantage of it, therefore, if at all, only as a congressional interpretation of the Act of 1922. Whatever such an argument may be worth in some cases, it avails plaintiff nothing here, because it will be seen that section 4 of the Act of 1933 only applies to National Guard officers ordered to active duty in times of peace for service with the General Staff Corps and the National Guard Bureau, and. section 18, providing that National Guard officers shall receive the same pay as reserve officers on active duty, applies to National Guard officers called to active duty in a time of national emergency. Under this Act, therefore, a National Guard officer, called to duty in time of peace for service with the General Staff Corps or National Guard Bureau, is entitled to the same pay as officers of the Regular Army of equal rank and length of service, but when National Guard officers are called to duty in time of war or national emergency they are entitled, not to the same pay as regular officers of the same grade and length of service, but to the pay to which reserve officers are entitled.
*472 There is nothing inconsistent between sections 4 and 18 of the Act of 1933, supra.
The Act of June 10, 1922, supra, remained in effect until the Pay Readjustment Act of 1942 (56 Stat. 359). This Act gave to reserve officers the same pay as officers of the Regular Army of the same grade and equal length of service. The committee reporting on the Act of 1942 stated:
* * * Existing law provided that Reserve Officers shall receive the pay of the grade in which serving. However, they should be authorized the pay of a higher period after a minimum length of service on the same basis provided for officers of the regular services.
We think there can be no doubt that under the Act of 1922, which controls plaintiff’s right to salary for the period in question, plaintiff is entitled to receive only the pay of the first period. This he has been paid. His petition, therefore, is dismissed. It is so ordered.
Madden, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.
Jones, Judge, took no part in the decision of this case.